IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs November 1, 2022

## STATE OF TENNESSEE v. JAMARCUS DEQUAN MURDOCK

**Appeal from the Circuit Court for Hardeman County**
**No. 2018-CR-188   J. Weber McCraw, Judge**

_____

### No. W2021-01529-CCA-R3-CD

_____

Jamarcus Dequan Murdock, Defendant, was convicted in a jury trial of two counts of aggravated robbery. He also pled guilty to separate charges of robbery and aggravated robbery. The trial court imposed ten-year sentences for each aggravated robbery conviction and a six-year sentence for the robbery conviction. The trial court ordered that the sentences for two of the aggravated robbery convictions run consecutively to each other and concurrently to the sentences for the remaining convictions for an effective twenty-year sentence. On direct appeal, this court held that the trial court failed to make the requisite findings to support consecutive sentences based upon the dangerous offender category and remanded the case to the trial court. *See State v. Jamarcus Dequan Murdock*, No. W2020-00244-CCA-R3-CD, 2021 WL 1423125, at *1 (Tenn. Crim. App. Apr. 15, 2021). On remand, the trial court again imposed partial consecutive sentences. Defendant asserts that the trial court again erred in imposing partial consecutive sentences. Discerning no error, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which J. ROSS DYER and KYLE A. HIXSON, JJ., joined.

Alexander D. Camp, Jackson, Tennessee, for the appellant, Jamarcus Dequan Murdock.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Senior Assistant Attorney General; Mark E. Davidson, District Attorney General; and Joe Van Dyke, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## Factual and Procedural Background

Defendant was indicted on four counts of aggravated robbery: in counts one and two with the December 9, 2017 aggravated robberies of the Ready Mart and Teresa Ann Myrick; in count three with the February 27, 2018 aggravated robbery of the Dollar General Store in Toone; and in count four with the February 24, 2018 aggravated robbery of the Whiteville Food Mart. *Jamarcus Dequan Murdock*, 2021 WL 1423125, at *1. The trial court granted Defendant's motion to sever the offenses, and Defendant subsequently pleaded guilty as charged in count four. *Id.*

Counts one and two proceeded to trial. According to the evidence presented at trial, Defendant planned to commit the robbery of the Ready Mart with fourteen-year-old A.M.[1] *Id.* at *3. On the evening of December 9, 2017, Defendant and A.M. entered the store while wearing hoodies and bandannas to cover a portion of their faces. *Id.* at *1-3. Defendant produced a gun and waved it around while demanding money from the cash register and from Ms. Myrick, a customer. *Id.* at *1-2. Ms. Myrick testified that she was "scared to death" and that she relinquished her money because "my life was worth more than what little money I had in my pocket." *Id.* at *1. A.M., who testified against Defendant at trial, denied having a gun and stated that his role was to "[t]ake the money" and put it into a bag. *Id.* at *3. At one point, Defendant's mask came down, exposing his face, and Charlene Hudson, an employee of the store, recognized Defendant as someone whom she had known for a long period of time. *Id.* at *2. Ms. Myrick and Ms. Hudson subsequently identified Defendant in a photographic lineup as the perpetrator who had the gun. *Id.* at *2.

Based upon the evidence presented at trial, the jury convicted Defendant of two counts of aggravated robbery as charged in counts one and two. *Id.* Following the trial and pursuant to a plea agreement with the State, Defendant pleaded guilty to the lesser-included offense of the robbery of the Dollar General Store in count three in exchange for a Range I, six-year sentence to be served concurrently with the sentences for the three aggravated robbery convictions. *Id.* at *1.

During the sentencing hearing for the aggravated robbery convictions in counts one, two, and four, neither party presented proof. *Id.* at *3. The trial court applied, as enhancement factors, that Defendant was a leader in the commission of the offenses and that he had no hesitation about committing the offenses when the risk to human life was high. *See* Tenn. Code Ann. § 40-35-114(2), (10). With regard to count one, the trial court

---

[1] We will identify the minor by his initials.

also applied as an enhancement factor that the aggravated robbery involved more than one victim. *See* Tenn. Code Ann. § 40-35-114(3). The trial court applied as a mitigating factor that Defendant "because of his youth lacked substantial judgment in committing the offenses," but the trial court found that the enhancement factors "far" outweighed the mitigating factor. *See* Tenn. Code Ann. § 40-35-113(6). The trial court imposed ten-year sentences for each of the aggravated robbery convictions. The trial court ordered Defendant to serve the sentences for the aggravated robbery convictions in counts one and two consecutively to each other, finding that Defendant was a dangerous offender. *See* Tenn. Code Ann. § 40-35-115(b)(1). The trial court ordered that the ten-year sentence in count four be served concurrently to the sentences in counts one and two for an effective twenty-year sentence.

Defendant filed a timely notice of appeal challenging the sufficiency of the evidence and the imposition of consecutive sentences for his convictions under counts one and two. *Jamarcus Dequan Murdock*, 2021 WL 1423125, at *1. This court concluded that the evidence was sufficient to support the convictions but vacated the imposition of consecutive sentences. *Id.* at *6. This court held that the trial court, in utilizing the "dangerous offender" category to impose consecutive sentences, failed to make the required findings that consecutive sentences are reasonably related to the severity of the offenses and are necessary to protect the public from further criminal conduct as required by *State v. Wilkerson*, 905 S.W.2d 933, 937-39 (Tenn. 1995). *Jamarcus Dequan Murdock*, 2021 WL 1423125, at *5. After determining that the appellate record was inadequate to conduct a de novo review, this court remanded the case to the trial court "for the consideration of the *Wilkerson* factors in determining whether consecutive sentencing on the basis of the dangerous offender category is appropriate in this case." *Id.*

At the outset of the resentencing hearing, the trial court incorporated its earlier findings with regard to the sentencing range and stated that the court would specifically address only the issue of consecutive sentencing. Neither party presented additional proof. After arguments by both parties, the trial court stated it would consider the evidence presented at trial, the facts presented at the plea hearing, the presentence report, the arguments presented at the prior sentencing hearing, and the arguments presented during the hearing on remand. The trial court found that "a handgun, a deadly weapon, was used and directed at victims which placed them in grave danger and showed a disregard by [Defendant] to human life." The trial court stated that Defendant "committed a crime without hesitation [and] with risk to human life by pointing a handgun at an individual." The trial court found that extended, consecutive sentences were necessary to protect the public from further criminal acts by Defendant and were reasonably related to the severity of the offenses committed. The trial court found that Defendant was a dangerous offender and ordered that the sentences for two of the aggravated robbery convictions run consecutively to each other and concurrently to the sentences for the remaining convictions

for an effective twenty-year sentence. The trial Defendant subsequently filed a motion in this court to accept a late-filed notice of appeal, and this court granted the motion.

## Analysis

On appeal, Defendant asserts that the trial court erred in classifying him as a "dangerous offender" and in ordering him to serve his sentences in counts one and two consecutively. Specifically, Defendant contends that he is not a "dangerous offender" because there was no risk to human life, as the weapon was never discharged, a victim identified the weapon as a pellet gun, and the victims sustained no injuries. The State contends that the trial court properly exercised its discretion in ordering consecutive service of Defendant's sentences.

When a defendant challenges the length of a sentence, this court reviews the trial court's sentencing determinations under an abuse of discretion standard accompanied by a presumption of reasonableness. *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012). "This abuse of discretion standard, accompanied by a presumption of reasonableness, applies to within-range sentences that reflect a decision based upon the purposes and principles of sentencing." *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012). A finding of abuse of discretion indicates the "trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case." *State v. Shaffer*, 45 S.W.3d 553, 555 (Tenn. 2001). A trial court has not abused its discretion unless "the record [is] void of any substantial evidence that would support the trial court's decision." *Id.*

"In the context of consecutive sentencing, the presumption of reasonableness applies similarly, giving deference to the trial court's exercise of its discretionary authority to impose consecutive sentences if it has provided reasons on the record establishing at least one of the seven grounds listed in Tennessee Code Annotated section 40-35-115(b)." *State v. Pollard*, 432 S.W.3d 851, 861 (Tenn. 2013). The trial court may impose consecutive sentences upon finding by a preponderance of the evidence that "[t]he defendant is a dangerous offender whose behavior indicates little or no regard for human life and no hesitation about committing a crime in which the risk to human life is high[.]" Tenn. Code Ann. § 40-35-115(b)(4). However, although "[p]roof that an offender's behavior indicated little or no regard for human life and no hesitation about committing a crime in which the risk to human life was high" is proof that an offender is a dangerous offender, "it may not be sufficient to sustain consecutive sentences." *Pollard*, 432 S.W.3d at 863 (citing *State v. Wilkerson*, 905 S.W.2d 933, 938 (Tenn. 1995)). Thus, in order to impose consecutive sentences based upon the dangerous offender classification, "trial courts must conclude that the evidence has established that the aggregate sentence is 'reasonably related to the severity of the offenses' and 'necessary in order to protect the

public from further criminal acts.'" *Id.* at 863 (citing *Wilkerson*, 905 S.W.2d at 938); *see State v. Lane*, 3 S.W.3d 456, 461 (Tenn. 1999) (recognizing that two additional findings must be made prior to ordering consecutive sentences only under the dangerous offender category).

The record supports the trial court's findings that Defendant was a dangerous offender whose behavior indicates little to no regard for human life and who had no hesitation about committing a crime in which the risk to human life was high and that consecutive sentencing was reasonably related to the severity of the offenses committed and was necessary to protect the public from further criminal acts by Defendant. *See* Tenn. Code Ann. § 40-35-115(b)(4); *Wilkerson*, 905 S.W.2d at 938. The aggravated robberies against Ms. Myrick and Ready Mart did not involve an isolated incident. Rather, Defendant committed a string of robberies in a relatively short amount of time. With regard to counts one and two, Defendant pointed a deadly weapon at two unarmed victims in a convenience store during robberies that he planned and persuaded a fourteen-year-old to assist in committing.

Defendant relies upon this court's decision in *State v. Eric D. Thomas*, in which this court held that the trial court erred in finding that the defendant was a dangerous offender and in ordering that his sentences for his four robbery convictions be served consecutively. No. W1999-00337-CCA-R3-CD, 2001 WL 721054, at *3 (Tenn. Crim. App. June 26, 2001). This court concluded that, although the defendant "apparently threatened the victims with violence, he did not cause any injuries and was not armed." *Id.* As the State argues in its brief, this court's opinion in *Eric D. Thomas*, in which this court conducted a de novo review of the defendant's sentence, predates the Tennessee Supreme Court's opinions in *Bise* and *Pollard*, which requires that this court review for an abuse of discretion. Furthermore, unlike the unarmed defendant in *Eric D. Thomas*, the trial court found that Defendant in the present case was armed when he committed the aggravated robberies.

We conclude that the trial court made the necessary findings required by *Wilkerson* and acted within its discretion in imposing partial consecutive sentences. Defendant is not entitled to relief.

## **Conclusion**

For the foregoing reasons, the judgments of the trial court are affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE

- 5 -